UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

EUGENE J. KOVALSKY )
)
v. ) NO. 2:06-CV-289
)
JAMES WORTHINGTON, Warden, )

**MEMORANDUM OPINION**

Proceeding *pro se*, state prisoner Eugene J. Kovalsky brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging the legality of his confinement under his 2001 Hawkins County conviction for voluntary manslaughter. As his sole ground for relief, he alleges that, in violation of state law, his sentence was enhanced without appropriate notice of the enhancement or a proper waiver of the notice.

The Clerk is **DIRECTED** to serve a copy of the petition, this opinion and the accompanying order on the respondent and the Attorney General of the State of Tennessee. However, for the reasons which follow, the respondent will not be required to file an answer and this case will be dismissed.

The Antiterrorism and Effective Death Penalty Act ("AEDPA") contains a one-year statute of limitations governing the filing of an application for a writ of habeas corpus. *See* 28 U.S.C. § 2244. The statute begins to run when one of four circumstances occurs: the conclusion of direct review; upon the removal of an impediment which prevented a petitioner from filing a habeas corpus petition; when a petition alleges a constitutional right, newly

recognized by the Supreme Court and made retroactive on collateral review; or when a claim depends upon factual predicates which could not have been discovered earlier through the exercise of due diligence. *Id.* The time is tolled, however, during the pendency of a properly filed application for state post-conviction or other collateral relief. *See* 28 U.S.C. § 2244(d)(2). The first circumstance is the one which applies to this case.

The relevant event in the petitioner's case is the date his conviction became final. On that date, March 15, 2001, AEDPA's one-year clock started ticking.[1] *See* 28 U.S.C. § 2244(d)(1)(A). However, the clock stopped on October 25, 2001 [day 224 of the 365-day limitations period] when the petitioner filed his application for post-conviction relief. On March 31, 2003, the state court of criminal appeals dismissed his post-conviction appeal. *Kovalsky v. State*, No. E202-00441-CCA-R3-PC, 2003 WL 1627288 (Tenn. Crim. App. Mar. 31, 2003). Sixty days later—the deadline for seeking permission to appeal to the state supreme court is 60 days, *see* Tenn. R. App. P. 11(b)—his post-conviction proceedings ended. *Kovalsky v. State*, No. E202-00441-CCA-R3-PC, 2003 WL 1627288 (Tenn. Crim. App. Mar. 31, 2003). The clock started to run again on that date, i.e., May 30, 2003, and ticked 141 more days, before expiring on October 18, 2003. The petitioner's filing of an application for state habeas corpus relief in June of 2004 did not toll ADEPA's statute because, at this point in time, there was nothing left to toll. And though AEDPA's

---

[1] The petitioner was convicted and sentenced on February 13, 2001, and his conviction became final thirty days later (i.e., March 15, 2001). *See State v. Green*, 106 S.W.3d 646 , 650 (Tenn. 2003) (holding "that a judgment of conviction entered upon a guilty plea becomes final thirty days after acceptance of the plea agreement and imposition of sentence").

2

limitations statute is subject to equitable tolling, the petitioner suggests no basis to apply this tolling doctrine.

Therefore, this § 2254 petition, filed on December 27, 2006—more than three years after the lapse of statute of limitations—is untimely.

Even if the petition were not time-barred, habeas corpus relief is not available on the ground alleged. This ground is stated in its entirety as follows:

> Appeal to Knoxville Cout (sic) of Appeals - Dismissal of Habeas Corpus Writ.
> (a) Supporting Facts: On the plea agreement Box # 9 Enhancement / or waiver not comllied (sic) with nor waiver signed TCA 40-35-202(a)[2]
> Should have been sentenced in Range I   3-6 before enhancement/ mitigating hearing. No priors clean NCIC record.   Pet., ¶ 12, Ground One.

The petitioner's claim that state sentencing law was violated, as a general proposition, is not cognizable in federal habeas corpus proceedings, *Pulley v. Harris*, 465 U.S. 37, 41 (1984) (holding that habeas corpus relief does not lie for "a perceived error of state law"), unless there is evidence that the state procedure violated his right to due process and to a fundamentally fair trial. *See Estelle v. McGuire,* 502 U.S. 62, 67-68 (1991). The petitioner offers no such evidence. Thus, the petitioner's allegation that state law was violated when he was given a higher sentence than that for which he was qualified is not a claim recognizable in a habeas corpus case.

---

[2] Under Tenn. Code. Ann. § 40-35-202(a), ten days before acceptance of a guilty plea, the district attorney general must file a notice, setting forth the nature of any prior convictions to be used to enhance a sentence. A defendant may waive the notice in writing, *id.*, and may request a continuance if a notice is untimely. *See* Tenn. R. Crim. P. 12.3.

A district court which is presented with a § 2254 application must examine it to determine, *inter alia*, whether it plainly appears from the pleading and any attached exhibits that the petitioner is not entitled to relief. *See* Rule 4, Rules Governing Section 2254 Cases. If it so appears, the court must dismiss the petition and direct the clerk to notify the petitioner. *Id.*

For the above reasons, it plainly appears from the pleading and exhibit attached thereto that the petitioner is not entitled to relief and that the petition should be dismissed summarily.

The Court must now decide whether to issue a certificate of appealability (COA). The petitioner qualifies for issuance of a COA if he has made a substantial showing of the denial of a constitutional right; he makes such a showing by demonstrating that reasonable jurists might question the correctness of the Court's procedural ruling or its assessment of his constitutional claims. *See Slack v. McDaniel,* 529 U.S. 473 (2000). The Court has found that the petition is untimely and, alternatively, that the single claim raised therein is not a cognizable habeas corpus claim.

The Court does not believe that jurists of reason would question whether the petition is timely or whether a claim founded on a state law violation is a recognizable § 2254 claim. Nor would reasonable jurists conclude that the timeliness or equitable-tolling issues "are adequate to deserve encouragement proceed further." *Miller-El v. Cockrell*, 537 U.S. 322,

327 (2003). Therefore, the Court will **DENY** issuance of a COA. 28 U.S.C. § 2253; Fed. R. App. P. 22(b).

A separate order will enter.

ENTER:

                                                   s/ Leon Jordan
                                        United States District Judge